**UNITED STATES DISTRICT COURT**
**IN THE WESTERN DISTRICT OF MICHIGAN**

Robert Deleon and Mae Deleon,
     Plaintiffs,

vs.                                                            Case No.:

Kalamazoo County Road Commission, Travis
Bartholomew, in his official capacity and
individually, and Joanna Johnson, in her
official capacity and individually,

     Defendants.

---

**THE NATIONAL LAW GROUP, P.C.**
Lennox Emanuel (P59251)
Attorney for Plaintiffs
1950 Campbell Street
Detroit, MI 48209
(313) 638-2123

---

## COMPLAINT AND JURY DEMAND

     Plaintiffs Robert Deleon and Mae Deleon, by and through their attorneys The National Law

Group, P.C., bring this cause of action against Defendants, the Kalamazoo County Road

Commission, a governmental entity, Travis Bartholomew, an employee of the Defendant

governmental entity in his official capacity and individually and Joanna Johnson, an employee of

Defendant governmental entity in her official capacity and individually, and as to Plaintiff

Robert Deleon for discrimination based on age under the Age Discrimination in Employment

Act ("ADEA"), 29 USC § 621, et seq., discrimination based on race and nationality under Title

VII, 42 USC § 2000e, et seq., and for violation of Plaintiff Robert Deleon's equal protection rights under the Fourteen Amendment based on Defendants Travis Bartholomew and Johanna Johnson's purposeful discrimination under color of law, 42 USC § 1983, and a pendant State claim by Plaintiff Mae Deleon for loss of consortium, stating:

1. That this is an action for violations of 42 USC §1983, 42 USC § 2000e, et seq., 29 USC § 621, et seq. and Michigan Common Law.

2. That this court has jurisdiction pursuant to 28 USC 1331, 1343(a) (3), and 1343(a) (4).

3. That Plaintiffs are citizens of the United States of America and the State of Michigan and reside in the City of Kalamazoo, County of Kalamazoo, and State of Michigan.

4. That Defendant Kalamazoo County Road Commission is a governmental entity created pursuant to the laws of the State of Michigan and has been in existence for more than 100 years.

5. That Defendants Travis Bartholomew and Johanna Johnson are employees of the governmental entity, Kalamazoo County Road Commission and acted under color of law in violation of the constitutional rights of Plaintiff Robert Deleon.

6. That Defendant Kalamazoo County Road Commission employee Travis Bartholomew was the general superintendent responsible for supervision of all area superintendents with the power and authority to promote, discipline and assign tasks and at all times acted in that capacity as an employee and agent of the Defendant Kalamazoo County Road Commission .

2

7. That Defendant Kalamazoo County Road Commission employee Joanna Johnson, was the Managing Director responsible for supervision of all areas of the Kalamazoo County Road Commission workforce including area superintendents with the power and authority to promote, discipline and assign tasks and at all times acted in that capacity as an employee and agent of the Defendant Kalamazoo Count Road Commission.

8. That the events giving rise to this cause of action occurred within the State of Michigan.

**BACKGROUND FACTS**

9. That Plaintiff Robert Deleon is employed by Defendant Kalamazoo County Road Commission and is currently a Superintendent in the Equipment and Facilities Area.

10. That Plaintiff Robert Deleon is Hispanic and of Mexican nationality and was over 40 years of age at the time the events complained of occurred.

11. That Plaintiff began his employment with Defendant Kalamazoo County Road Commission on June 1, 1983 as a stock clerk.

12. That Plaintiff was promoted on December 18, 1995, after 14 years of outstanding performance, to Area Superintendent with the Kalamazoo County Road Commission with responsibility for the assigned areas of Comstock, Richland, Ross and Charlestown Townships.

3

13.  That the area superintendent job responsibilities, among other things, was to supervise and manage road construction and repairs, signage and snow removal functions on the roadways within the assigned Townships.

14.  That Plaintiff performed excellently as Area Superintendent and was awarded a CRASIF certificate of recognition in 2009 for 25 years of service without incurring indemnity payments – evidently an issue of great importance to the governmental authorities charged with funding and overseeing road construction activity in Michigan.

15.  That in November 2007 Johanna Johnson was hired as Managing Director for the Kalamazoo County Road commission, who at the time of hire was 38 years of age.

16.  That one Ms. Johnson's first personnel decision was to hire Travis Bartholomew as the General Superintendent in April 2008, with supervisory responsibilities over all area superintendents, replacing an interim general superintendent who was older than age 40.  And that at the time of the elevation to general superintendent Bartholomew was approximately 35 years of age.

17.  That as a general procedural process, interviews for positions such as general superintendents and lateral moves by area superintendents included: review of resumes; telephone interviews (if applicable); initial interview; second interview; and selection for the position.

18.  That in November 2008, the position of Equipment and Facilities Superintendent became vacant and was posted as a job opening.

19.  That Plaintiff Robert Deleon submitted a cover letter and resume expressing interest in the Equipment and Facilities position.

4

20.  That contrary to the general procedure with applicants for new job postings, Plaintiff Robert Deleon received a single interview rather than the two interviews normally accorded prospective candidates for the Equipment and Facilities superintendent position.

21.  That Plaintiff Robert Deleon was informed by the general superintendent Travis Bartholomew that he was unqualified for the Equipment and Facilities superintendent position due to his lack of computer skills.

22.  That conversely Managing Director Johanna Johnson informed Plaintiff Robert Deleon that he was not qualified to fill the Equipment and Facilities superintendent vacancy because of incorrect responses to a written questionnaire administered to applicants for the position.

23.  That the Kalamazoo Road Commission hired an external candidate in February 2009 who resigned after 13 days as Equipment and Facilities superintendent. And that the next purportedly "strongest" candidate identified during the interview process declined an offer to fill the position that the "strongest" candidate fled after 13 days.

24.  That several persons either served as permanent or interim superintendents of the troubled and seemingly difficult Equipment and Facilities area including William DeYoung, who was 38 years of age.

25.  That William DeYoung would comment to Plaintiff Robert Deleon that he was going to take Plaintiff's job as area superintendent.

26.  That suddenly on August 8, 2009, and without any input or desire from Plaintiff Robert Deleon, Defendants Travis Bartholomew and Joanna Johnson unilaterally relieved

5

Plaintiff of his job as area superintendent and transferred him to the Equipment and Facilities superintendent position, the same position that he had received a single interview rather than two like all the other "strong" candidates in 2008 and for which he was told by both Bartholomew and Johnson that he was not qualified to serve.

27. That the Defendants including Bartholomew and Johnson then gave Plaintiff Robert Deleon's area superintendent position to William DeYoung, who was 38 years of age.

28. That one of the purported reasons for relieving Plaintiff Robert Deleon of his area superintendent position was that the younger William DeYoung's prior position was being eliminated.

29. That the Equipment and Facilities position was not equivalent to the prior area superintendent position and required daily rigorous and heavy lifting, daily exposure to loud noises and daily exposure to diesel and gasoline fumes. And was a materially adverse change in Plaintiff's terms, conditions and privileges of employment.

30. That William DeYoung, a young white male under the age of 40 was given Plaintiff's job and that Plaintiff was placed in a job that he had been deemed unqualified for some eight months prior.

31. That William DeYoung was unqualified to serve as area superintendent having served previously as utility and plat/weigh master.

32. That William DeYoung performance as area superintendent was a spectacular failure leading to problems not previously experienced when Plaintiff served in that position such as defective road construction in Comstock Township that required correction at Defendant Kalamazoo County Road Commission's expense.

6

33. That transferring Plaintiff to the Equipment and Facilities position while giving his area superintendent position to William DeYoung was a deliberate, willful and intentional act by Defendants Bartholomew and Johnson. And was a materially adverse change in Plaintiff's terms, conditions and privileges of employment.

34. That the transfer was designed, among other things, to create a record of failure for Plaintiff so that these Defendants could terminate Plaintiff.

35. That immediately upon Plaintiff's transfer to the new position previously deemed to be unqualified for, the Defendants initiated a pervasive and unrelenting barrage of harassment, intimidation and creation of a hostile environment that had an adverse impact on Plaintiff's health and well being.

36. That Defendant Bartholomew began a constant and unrelenting barrage of verbal aggression, antagonism, intimidation and outright hostility towards the Plaintiff Robert Deleon.

37. That Defendant Bartholomew would refuse to provide direction and help to Plaintiff on tasks while providing that help and guidance to William DeYoung and other area superintendents while continually haranguing and chastising Plaintiff about a purported inability to work as a team.

38. That Defendant Bartholomew assigned blame to Plaintiff Robert Deleon for errors on truck usage despite the fact that Plaintiff Robert Deleon assumed the Equipment and Facilities position in August 2009, after the decisions or lack thereof had been made about truck usage by prior persons in that position.

39.  That Defendant Bartholomew held Plaintiff responsible for errors in purchasing that occurred before Plaintiff's transfer to the Equipment and Facilities position.

40.  That Defendant Bartholomew made continuous claims of Plaintiff's lack of communication and relaying of information while at the same time acknowledging that he was aware of the issues that Plaintiff purportedly failed to communicate.

41.  That Plaintiff was disciplined for purported insubordination while William DeYoung, among others, were allowed to be deliberately insubordinate and were never penalized or written up by Bartholomew.

42.  That William DeYoung and others would curse Bartholomew and refuse to follow his instructions with impunity while Plaintiff was disciplined for even asking questions or questioning a decision by Bartholomew.

43.  That Bartholomew created a hostile environment by for example demanding that Plaintiff re-write a simple two page memo on proposed equipment purchases more than 12 times, making constant and new demands for changes after each draft and accusing Plaintiff of having someone write the because the successive drafts had different "fonts", an example of the petty tyranny Defendants Bartholomew and Johnson exercised over the Plaintiff.

44.  That Bartholomew did not demand rewrites from DeYoung but instead, wrote the entire memo for DeYoung.

45.  That Plaintiff's complaints to Johnson were dismissed out of hand with the instruction to do as Bartholomew demanded.

8

46.  That Plaintiff Robert Deleon was subjected to demeaning daily interrogations by Defendant Bartholomew which did not occur with DeYoung. And was made to perform manual tasks that were not previously assigned to a superintendent in the Equipment and Facilities area – Bartholomew compelling Plaintiff to personally record mileage usage in cases of omissions by the fleet drivers and told to personally track down each offending driver when the mileage was not recorded – a task more suited to area superintendents who had direct access and supervisory responsibilities over the drivers in their respective areas. It was akin to having a single individual track all time card omissions for an entire school district when it would have been more economical and less time consuming if the principal of each school was responsible for ensuring teachers at their school submitted correct time cards.

47.  That Plaintiff Robert Deleon was subjected to an evaluation three months into his new position as Equipment and Facilities superintendent and blamed for all the errors of the immediate past superintendent while DeYoung did not receive a performance evaluation until he had been area superintendent for eleven months.

48.  That the cumulative effects of these discriminatory actions by these Defendants created an atmosphere that was ultimately unbearable and led to a mental breakdown by Plaintiff Robert Deleon that led to disability leave starting May 14, 2010 and which continues to date.

49.  That the Defendants then decided to cap their unrelenting discriminatory conduct with the most outrageous act – a written reprimand by Travis Bartholomew while Plaintiff Robert Deleon was out on the disability leave.

9

50.  That the "Notice of Reprimand" by Defendant Bartholomew dated May 18, 2010 purports to discipline Plaintiff Robert Deleon with a three day suspension and entry of the disciplinary measure in his personnel records.

51.  That the purported discipline was for "gross neglect of duty or refusal to comply with a supervisor's instructions unless, such instructions are injurious to the employee's safety or health."

52.  That the alleged charge was facile and unsupported by facts that any fair, reasonable and impartial party would even remotely classify as corresponding to the alleged charge.

53.  That Defendant Bartholomew then included a laundry of slights, purported lack of communication and inability to complete a memo to his satisfaction - the two page memo that Bartholomew demanded 12 edits.

54.  That the Notice of Reprimand was the culmination of the plan by the Defendants to place Plaintiff in a job they had previously deemed him to be unqualified to perform and then to create issues that would lead to this very reprimand, entry into the personnel file and an eventual dismissal.

55.  That the second charge on the Notice of Reprimand strains credulity where Defendant Bartholomew reprimanded Plaintiff Robert Deleon for "insubordination" because during a meeting on May 10, 2010, where Defendant Bartholomew was hostile, verbally abusive and intimidating, according to Bartholomew's write-up: " The meeting included many other topics related to performance, communication and attitude concerns. I asked numerous questions to better understand why my direction was not followed and to better understand your position so I may be to assist you in being

10

successful. I received no response to the majority of my questions. I reminded you

numerous times during the meeting that this was your opportunity to provide feedback

and you continued to just look at me and say nothing. One of the few times comments

that you did make was that I don't listen to you. I asked you why you think I won't

listen to you; again you just sat there and said nothing. After most of an hour of no

response, I decided your continued resistance to respond and communicate led to the

unproductiveness of the meeting and I deemed your position to not talk as

insubordination.

56.  That Bartholomew's narrative which he underlined, if it can be believed, indicates that it

was Defendant Bartholomew who held an hour long meeting and lacked the

communication skills to have a productive meeting with an employee, resorting to

anger instead of managerial skills to have an obviously intimated employee engage in a

productive back and forth discussions about mutual concerns and issues.

57.  That the write-up does support Plaintiff's claims of the constant haranguing and hostility

of Defendant Bartholomew who engaged in similar conduct during the meeting,

characterizing his haranguing, hostility and harassment as "I reminded you numerous

times during the meeting…."

58.  That Defendant Bartholomew characterization of insubordination as "not to talk" is not

supported by any common understanding, definition of the term or the facts stated by

Bartholomew in his reprimand.

11

59.  That the numerous instances of real insubordination when DeYoung cursed at Defendant Bartholomew and refused to follow his orders were never written up or penalized by Defendant Bartholomew.

60.  That the write-up contained abstract and undecipherable language, inviting Plaintiff to become a "successful team player" and to "display a positive attitude" despite no specific examples where Plaintiff had failed to be a successful team player or display a positive attitude, having worked quite successfully at the road commission for more than 28 years.

61.  That the disciplinary write-up was placed in Plaintiff's personnel file without any opportunity for Plaintiff to respond or contest and was a gross violation of his due process rights under the Equal Protection Clause of the Fourteen Amendment.

62.  That Defendants discriminatory conduct continued in that DeYoung received no write-up or discipline for errors on the job as area superintendent.

63.  That the conduct of Defendant Travis Bartholomew was particularly reprehensible in that Defendant frequently used racial slurs and epithets to refer to Mexicans and African-Americans, and had a predisposition to discriminate and did in fact act on that predisposition.

64.  That Defendant Travis Bartholomew had a long and noted history of indulging in such reprehensible conduct, and had a predisposition to discriminate and did in fact act on that predisposition.

65.  That Defendant Travis Bartholomew used racial slurs and epithets in Plaintiff Robert Deleon's presence and has referred to Plaintiff's and his children with racial slurs.

12

66. That Defendant Travis Bartholomew had also referred to Plaintiff Robert Deleon with vile racial slurs and epithets in the presence of others who communicated what was said to Plaintiff and in one instance took the unusual step of trying to apologize for Defendant Bartholomew's racial insensitivity and crudeness.

67. That the meeting between Bartholomew and Plaintiff where the "insubordination" occurred took place on March 10, 2010.

68. That Plaintiff is a citizen who is protected from discrimination under the United States Constitution and Federal and State laws.

69. That Defendants' actions were willful and deliberate and there was the intent to treat Plaintiff Robert Deleon in a discriminatory manner based on his race as a Hispanic. And that Defendants did violate Plaintiff's rights by transferring him from a job to another where they had deemed him previously unqualified for while placing a white male, who was not qualified, in his prior position, and that Defendant Travis Bartholomew was particularly predisposed and motivated by racial animus using slurs against Plaintiff based on race as a Hispanic, and did act on his predisposition to discriminate.

70. That the new position as Equipment and Facilities superintendent was not an equivalent position requiring heavier lifting, exposure to loud noise and deadly toxic carcinogenic diesel and gasoline fumes on a daily basis, and was an adverse change in the terms and conditions of employment.

71. That the danger and undesirability of the position was demonstrated by the fact that three previous persons had held the job within a two year period including DeYoung. And

13

that the "strongest" candidate left after 13 days, while the purportedly next "strongest" candidate identified during the interview process refused to take the job when offered after departure of the strongest candidate within 13 days of taking the position.

72. That Defendants' actions were willful and deliberate and there was the intent to treat Plaintiff Robert Deleon in a discriminatory manner based on his nationality as Mexican. And that Defendants did violate Plaintiff's rights by transferring him from a job to another where they had deemed him previously unqualified for while placing a white male who was also not qualified and not of Mexican nationality in his prior position, and that Defendant Travis Bartholomew was particularly predisposed and motivated by animus against persons of Mexican nationality, using racial slurs against Plaintiff based on his nationality, and acting on his predisposition to discriminate.

73. That Defendants' actions were willful and deliberate and there was the intent to treat Plaintiff Robert Deleon in a discriminatory manner based on his age being more than 40 years of age. And that Defendants did violate Plaintiff's rights by transferring him from a job to another where they had deemed him previously unqualified for while placing a white male under the age of 40 who was not qualified, in his prior position.

74. That Defendants Bartholomew and Johnson deliberately and intentionally violated Plaintiff Robert Deleon's equal protection rights by deliberately placing him in a position they had previously deemed him to be unqualified for as a means to create a lack of performance record that would lead to termination.

75. That Defendants Bartholomew and Johnson deliberately and intentionally withheld directions and guidance from Plaintiff Robert Deleon while providing same to

14

DeYoung, and it was part of the deliberate pattern and practice to create a record of non-performance and eventual termination of Plaintiff Robert Deleon.

76. That Defendants Bartholomew and Johnson deliberately and intentionally decided to do a negative evaluation of Plaintiff Robert Deleon after only three months in this new position while allowing DeYoung to serve for 11 months in his new position before an evaluation and that was part of a deliberate pattern and practice to create a record of non-performance and eventual termination of Plaintiff Robert Deleon.

## COUNT 1

### VIOLATION 42 USC 1983 – DUE PROCESS CLAUSE OF FOURTEENTH AMENDMENT

77. Plaintiff re-alleges the allegations of paragraphs 1 through 76.

78. On or about May 2010, Plaintiff was employed by government entity the Kalamazoo County Road Commission as Equipment and Facilities superintendent.

79. Under the laws of the State of Michigan, Plaintiff enjoyed a constitutionally protected property interest in continued employment.

80. On or about May 18, 2010, acting under color of law and pursuant to his authority as General Superintendent, Travis Bartholomew, Defendant's government official under authority given by Kalamazoo County Road Commission imposed disciplinary measures of three days off work without pay and entry of the record in to Plaintiff's personnel file, and that the discriminatory action was endorsed by Johnson.

15

81. Before depriving Plaintiff of his constitutionally protected property interest in continued employment, Defendants did not conduct a hearing or otherwise afford Plaintiff either notice of the allegations and a meaningful opportunity to respond as required by the Road Commission's s rules, practices and course of conduct.

82. That this action was part of the continuing pattern of willful and intentional conduct in depriving Plaintiff of his constitutionally protected property interest.

83. Defendants Bartholomew and Johnson's actions in depriving Plaintiff of his constitutionally protected property interest in continued employment absent a hearing or other prior notice of the grounds for discipline and a meaningful opportunity to respond, abridged his right to due process of law in violation of the Fourteenth Amendment of the U.S. Constitution.

84. Defendants Bartholomew and Johnson's actions were the direct and proximate cause of harm to Plaintiff and have resulted in pain and suffering, loss of past and future income, benefits and employment opportunities, emotional trauma and mental suffering, depression and other mental aguish and directly contributed to emotional anguish that resulted in exacerbation of prior health conditions.

**WHEREFORE**, Plaintiff Robert Deleon respectfully requests that this honorable court issue judgment in his favor and award him compensatory and liquidated damages for pain and suffering; past lost wages; future lost wages; attorneys' fees as authorized by statute; and punitive damages.

## COUNT  II

### VIOLATION 42 USC 1983 – EQUAL PROTECTION CLAUSE OF FOURTEENTH AMENDMENT

85.  Plaintiff re-alleges the allegations of paragraphs 1 through 84.

86.  On or about May 2010, Plaintiff was employed by Defendant governmental entity Kalamazoo County Road Commission as Equipment and Facilities superintendent.

87.  Under the laws of the State of Michigan, Plaintiff enjoyed a constitutionally protected right to equal protection under the U.S. Constitution.

88.  On or about May 18, 2010, acting under color of law and pursuant to his authority as General Superintendent, Defendant Travis Bartholomew, a government official, acting under color of law and pursuant to authority given by Kalamazoo County Road Commission, reprimanded and disciplined Plaintiff, and the discriminatory actions were endorsed by Johnson.

89.  Starting around August 2009, acting under color of law and pursuant to their authority as General Superintendent and Managing Director, Defendants Travis Bartholomew and Johanna Johnson, governmental officials acting under color of law and pursuant to authority given by Kalamazoo County Road Commission undertook numerous actions that resulted in the deliberate , discriminatory and willful treatment of Plaintiff Robert Deleon than other superintendents, specifically William DeYoung: including being forced to assume the position of Equipment and Facilities superintendent, a position Plaintiff had been previously deemed to be unqualified for and that posed greater dangers while allowing DeYoung to assume Plaintiff's job; creating a hostile and

intimidating work atmosphere for Plaintiff while not doing the same to DeYoung; daily verbal reprimands and interrogations on all activities while not placing DeYoung under the same duress; disciplining Plaintiff for alleged insubordination while failing to do the same to DeYoung who would curse and deliberately refuse to follow orders from Travis Bartholomew.

90. Upon information and belief Defendants Bartholomew and Johnson treated Plaintiff, a Hispanic differently than Caucasian superintendent DeYoung.

91. That this action was part of the continuing pattern of willful and intentional conduct in depriving Plaintiff of his constitutionally protected rights under the Equal Protection Clause.

92. That this action was part of the continuing pattern of willful and intentional conduct in depriving Plaintiff of his right to Equal Protection, Defendants having willfully deprived Plaintiff of his rights and failing to accord him equal protection under the law.

93. Defendants' actions in depriving Plaintiff of his constitutionally protected rights under the Equal Protection Clause were a violation of the Fourteenth Amendment of the U.S. Constitution.

94. Defendants' actions were the direct and proximate cause of harm to Plaintiff and have resulted in pain and suffering, loss of past and future income, benefits and employment opportunities, emotional trauma and mental suffering, depression and other mental aguish and directly contributed to emotional anguish that resulted in exacerbation of prior health conditions.

18

**WHEREFORE**, Plaintiff Robert Deleon respectfully requests that this honorable court issue judgment in his favor and award him compensatory and liquidated damages for pain and suffering; past lost wages; future lost wages; attorneys' fees as authorized by statute; and punitive damages.

## COUNT III

### VIOLATION OF THE CIVIL RIGHTS ACT OF 1964- RACE DISCRIMINATION

95. Plaintiff re-alleges the allegations of paragraphs 1 through 94.

96. Plaintiff was a protected individual under the Civil Rights Act of 1964, 42 USC 2000e, et seq.

97. Defendant Kalamazoo County Road Commission is subject to the Civil Rights Act of 1964.

98. Defendant violated the Civil Rights Act of 1964 by forcing Plaintiff into a job he was previously deemed as unqualified for while allowing a white male to assume Plaintiff's prior job; treating Plaintiff differently based on race in the terms and conditions of employment – arbitrary and impossible standards of performance, reprimands for imagined misconduct while allowing a white male to curse and deliberately refuse to follow direction without penalty or discipline; using racial slurs to refer to Plaintiff which indicated a predisposition to specifically discriminate against Plaintiff based on his race, and acting on the predisposition.

99. That Defendant's action was a violation of Plaintiff's right to be protected from discrimination based on race.

19

100. Defendant's actions were the direct and proximate cause of harm to Plaintiff and have resulted in pain and suffering, loss of past and future income, benefits and employment opportunities, emotional trauma and mental suffering, depression and other mental aguish and directly contributed to emotional anguish that resulted in exacerbation of prior health conditions.

**WHEREFORE**, Plaintiff Robert Deleon respectfully requests that this honorable court issue judgment in his favor and award him compensatory and liquidated damages for pain and suffering; past lost wages; future lost wages; attorneys' fees as authorized by statute; and punitive damages.

## COUNT IV

### VIOLATION OF THE CIVIL RIGHTS ACT OF 1964- NATIONALITY DISCRIMINATION

101. Plaintiff re-alleges the allegations of paragraphs 1 through 100.

102. Plaintiff was a protected individual under the Civil Rights Act of 1964, 42 USC 2000e, et seq.

103. Defendant Kalamazoo County Road Commission is subject to the Civil Rights Act of 1964.

104. Defendant violated the Civil Rights Act of 1964 by forcing Plaintiff into a job he was previously deemed as unqualified for while allowing a white male to assume Plaintiff's prior job; treating Plaintiff differently based on nationality in the terms and conditions

20

of employment – arbitrary and impossible standards of performance, reprimands for imagined misconduct while allowing a white male to curse and deliberately refuse to follow direction without penalty or discipline; using racial slurs to refer to Plaintiff which indicated a predisposition to specifically discriminate against Plaintiff based on his nationality, and acting on that predisposition.

105. That Defendant's action was a violation of Plaintiff's right to be protected from discrimination based on nationality.

106. Defendant's actions were the direct and proximate cause of harm to Plaintiff and have resulted in pain and suffering, loss of past and future income, benefits and employment opportunities, emotional trauma and mental suffering, depression and other mental aguish and directly contributed to emotional anguish that resulted in exacerbation of prior health conditions.

**WHEREFORE**, Plaintiff Robert Deleon respectfully requests that this honorable court issue judgment in his favor and award him compensatory and liquidated damages for pain and suffering; past lost wages; future lost wages; attorneys' fees as authorized by statute; and punitive damages.

**COUNT V**

**VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT - ADEA**

107. Plaintiff re-alleges the allegations of paragraphs 1 through 106.

21

108.   Plaintiff was a protected individual under the Age Discrimination in Employment Act, 29 USC § 621, et seq.

109.   Defendant Kalamazoo County Road Commission is subject to the Age Discrimination in Employment Act.

110.   Defendant violated the Age Discrimination in Employment Act by forcing Plaintiff, who was older than 40 years of age  into a job he was  previously deemed as unqualified for while allowing a white male, under the age of 40,  to assume Plaintiff's prior job; treating Plaintiff differently based on age in the terms and conditions of employment – arbitrary and impossible standards of performance, reprimands for imagined misconduct while allowing a younger white male to curse and deliberately refuse to follow direction without penalty or discipline.

111.   That Defendant's action was a violation of Plaintiff's right to be protected from discrimination based on age.

112. Defendant's actions were the direct and proximate cause of harm to Plaintiff and have resulted in pain and suffering, loss of past and future income, benefits and employment opportunities, emotional trauma and mental suffering, depression and other mental aguish and directly contributed to emotional anguish that resulted in exacerbation of prior health conditions.

   **WHEREFORE**, Plaintiff Robert Deleon respectfully requests that this honorable court issue judgment in his favor and award him compensatory and liquidated damages for pain and suffering; past lost wages; future lost wages; attorneys' fees as authorized by statute; and punitive damages.

22

## COUNT VI – LOSS OF CONSORTIUM

113. Plaintiff Mae Deleon re-alleges the allegations of paragraphs 1 through 112.

114. Defendants' actions directly resulted in the loss of peace, enjoyment and good company of Plaintiff Robert Deleon.

114. Defendants' actions were the direct and proximate cause of Plaintiff Mae Deleon's loss of enjoyment of the companionship of her spouse Robert Deleon.

115. Plaintiff Mae Deleon suffered damages as a result of Defendants' actions.

116. Defendants' actions were the direct and proximate cause of harm to Plaintiff and have resulted in pain and suffering and mental suffering, depression and other mental aguish.

**WHEREFORE**, Plaintiff Mae Deleon respectfully requests that this honorable court issue judgment in her favor and award her damages for loss of consortium; attorneys' fees as authorized by statute; and such other relief as available under the law.

Respectfully Submitted:
**THE NATIONAL LAW GROUP, P.C.**

/S/Lennox Emanuel
Lennox Emanuel (P59251)
Attorney for Plaintiffs
1950 Campbell Street,
Detroit, MI 48209
(313) 638-2123
emanuellaw@sbcglobal.net

Dated: May 24, 2011

23

## DEMAND FOR TRIAL BY JURY

Plaintiffs request a trial by jury in this matter.

Respectfully Submitted:
**THE NATIONAL LAW GROUP, P.C.**

/S/Lennox Emanuel
Lennox Emanuel (P59251)
Attorney for Plaintiffs
1950 Campbell Street,
Detroit, MI 48209
(313) 638-2123
emanuellaw@sbcglobal.net

Dated: May 24, 2011

24